### BUTZIN v OBERHAUS

Ohio Appeals, 6th Dist, Ottawa Co

No 159.   Decided Oct 30, 1933

Leslie E. Meyer, Port Clinton, and True, Crawford & True, Port Clinton, for plaintiff in error.

William A. Finn, Toledo, and Graves & Duff, Port Clinton, for defendant in error.

## OPINION

By RICHARDS, J.

Alfred Butzin, the decedent, was killed in a collision between a car in which he was riding and a train operating on the Terminal Railroad in the City of Toledo. The trial resulted in a verdict and judgment in favor of the defendant and this proceeding in error is brought to secure a reversal of that judgment.

Several claimed errors are assigned as reasons why the judgment should be reversed, but we deem it only necessary to discuss one of them.

At the time of the collision the decedent and the defendant were the only occupants of the car and the main controversy in the case relates to the question as to which one of them was driving the car. The evidence on that subject is partly direct and partly circumstantial and contains much conflict. At the time of the collision the windshield of the car was badly shattered and splinters of glass doubtless flew at the time the glass was broken. Photographs introduced in evidence show that about two-thirds of the glass in the windshield was broken out and this included all of the glass in front of the steering wheel. The remaining portion of the glass, being that part on the right hand side of the car, still remains in the car, according to the photographs, and the unbroken part would of course be immediately in front of whoever was not driving the car.

These facts being developed by the evidence, plaintiff offered to show that the hands of the defendant, who he claims was driving the car, were cut by the broken glass and that the hands of the decedent were not cut. In other words, the plaintiff contends that if the hands of the defendant were cut by broken glass, it is a strong circumstance tending to show that he was the one who was sitting directly back of the broken glass and hence behind the wheel and operating the automobile. This evidence was excluded by the trial court and an exception taken. We have no doubt that this evidence was competent and should have been permitted to go to the jury. It was one of the physical facts bearing upon the situation and its probative value would be wholly for the jury.

The jury might draw from the fact that the defendant's hands were cut by broken glass, that they were at the time of the collision upon the wheel directly behind where the glass was broken. It is true that the jury might draw some other inference, but

to refuse to permit the evidence to go to the jury on this subject invaded the province of the jury and deprived it of the opportunity to draw such reasonable inference as the fact, taken with all the other evidence in the case, both direct and circumstantial, would justify. The vital question in this case, as the case was tried, related to who was driving the car at the time of the collision, and it is apparent that the rejection of the evidence was prejudicial error.

For this reason the judgment must be reversed and the cause remanded for a new trial.

Reversed and remanded.

WILLIAMS and LLOYD, JJ, concur.